## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| YGM Franchise, LLC, | ) | C/A. No. 2:22-3553-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Elizabeth Slade, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is Plaintiff's partial motion for summary judgment (Dkt. No. 54).

Plaintiff brings this action against Defendants Moylam Wong, Raul Wong, and M&R Wong, LLC ("Defendants") to enforce covenants not to compete and certain other provisions set forth in a franchise agreement between Plaintiff and M&R Wong. Plaintiff notes, and Defendants do not dispute, that they never answered Plaintiff's Amended Complaint. (Dkt. No. 16).

Plaintiff moves for partial summary judgment against Defendants. Plaintiff seeks declaratory relief that (1) M&R Wong, LLC's purported termination of the Franchise Agreement is ineffective absent the delivery of an executed general release pursuant to Section 13.01; and (2) that the Franchise Agreement's covenants not to compete are binding on Defendants. Plaintiff seeks injunctive relief (1) requiring the Defendants to execute and deliver a general release, consistent with the terms of the Franchise Agreement; and (2) prohibiting the Defendants from operating competing business and contacting Plaintiff's customers as prohibited under the Franchise Agreements. (Dkt. No. 52).

Defendants responded to Plaintiff's motion stating that it should be denied as "moot" because Defendants are willing "to provide a general release to [Plaintiff] and to comply with the respective covenants set forth in the Franchise Agreement." (Dkt. No. 53 at 1-2).

In its reply, however, Plaintiff argues its motion is not moot because, to date, Defendants have not signed any document consistent with the representations Defendants made in their response in opposition to Plaintiff's motion.

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [which] show that there is no genuine issue as to any material fact and that the moving part is entitled to a judgement as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 & n.4 (1986) (citing Rule 56(c)). The Court will interpret all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden to put forth sufficient evidence to demonstrate there is no genuine dispute of material fact, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)). An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

The Court **GRANTS** Plaintiff's partial motion for summary judgment and **GRANTS** the declaratory and injunctive relief requested therein. (Dkt. No. 52). As noted above, Defendants do not dispute Plaintiff's factual contentions with admissible evidence or cogent argument.

2

Additionally, Defendants have not presented any documentary evidence consistent with their unsupported representation that the relief Plaintiff seeks is "moot."

**AND IT IS SO ORDERED.**

<u>s/ Richard Mark Gergel</u>
Richard Mark Gergel
United States District Judge

July 1, 2024
Charleston, South Carolina